RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 SEP 22 A 9:50

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice Duley,<br><br>Plaintiff,<br><br>-versus-<br><br>Director Willie Bamberg; Deputy Director Mrs. Dosier; Chief of Security Horace James; and Capt. C. Govan,<br><br>Defendants. | C. A. No. 2:10-0360-HFF-RSC<br><br>**REPORT AND RECOMMENDATION** |

The pro se plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On July 21, 2010, the defendants filed a motion for summary judgment. By order of this court filed July 29, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion.

As the plaintiff is proceeding pro se, the court filed a second order on September 7, 2010, giving the plaintiff an additional ten (10) days in which to file his response to the defendants' motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action may be dismissed with prejudice for failure to prosecute, Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), 41(b) Federal Rules

of Civil Procedure. The plaintiff did not respond.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution.

                                      Respectfully Submitted,

                                      Robert S. Carr
                                      United States Magistrate Judge

Charleston, South Carolina

September 21, 2010

**Notice of Right to File Objections to Report and Recommendation**

　　The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

　　Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

　　　　　　　　Larry W. Propes, Clerk
　　　　　　　United States District Court
　　　　　　　　　　P.O. Box 835
　　　　　　Charleston, South Carolina 29402

　　**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).